T.C. Memo. 1997-270

UNITED STATES TAX COURT

DONALD L. HEAD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12675-94.                    Filed June 16, 1997.

Donald L. Head, pro se.

<u>Michelle K. Loesch</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

JACOBS, <u>Judge</u>:   Respondent determined deficiencies in petitioner's Federal income taxes for 1986 and 1988 in the respective amounts of $6,551 and $3,043, and additions to tax for 1986 and 1988 under section 6651(a)(1) in the respective amounts of $1,471 and $357.

Following a concession by petitioner, the issues for decision are: (1) Whether petitioner is entitled to deduct $47,405 as a business foreclosure loss in 1986; (2) whether petitioner is entitled to a dependency exemption for his companion, Florence H. Ratliff, in 1986; (3) whether petitioner is entitled to a $17,769 net operating loss carryover from 1983, 1984, and 1986 to 1988; and (4) whether petitioner is liable for section 6651(a)(1) additions to tax for failure to timely file his 1986 and 1988 Federal income tax returns.

All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

## FINDINGS OF FACT

Some of the facts have been stipulated and are found accordingly. The stipulation of facts and the attached exhibits are incorporated herein by this reference.

### Background

At the time he filed his petition, Donald L. Head (petitioner) resided in Arlington, Washington. Petitioner did not timely file his 1986 and 1988 Federal income tax returns.

Petitioner was married to Diyana A. Head (Ms. Head). They separated sometime in 1985 and divorced in March 1992.

### The Jensen Road Property

In 1972, petitioner purchased property located at 2630 Jensen Road in Bellingham, Washington (the Jensen Road property).

Petitioner and Ms. Head began building a residential structure for investment speculation purposes on the Jensen Road property (the Jensen Road house or house) in that year. During the construction, petitioner and Ms. Head resided in a mobile home. Construction of the Jensen Road house was completed in September 1980. The Jensen Road house was immediately put up for sale; a potential purchaser was located, but the anticipated sale did not materialize. Because petitioner and Ms. Head had no other residence, and the house could not be insured if vacant, they moved into the Jensen Road house in late October 1980. Petitioner lived in the Jensen Road house until June 1985. Ms. Head lived in the Jensen Road house until May 1986.

The Norwest Commercial Bank Loans

In January 1983, petitioner borrowed funds in the amounts of $10,000 and $40,000 from Norwest Commercial Bank (NCB), securing both loans with a mortgage against the Jensen Road house. In May 1984, petitioner borrowed an additional $2,000 from NCB, again securing the loan with a mortgage against the Jensen Road house.

Petitioner used a portion of the loan proceeds to operate a retail coin and stamp business and a portion of the loan proceeds for personal purposes. He operated the coin and stamp business until April or May 1985. In June 1985, petitioner moved to California, where he began working for The Boeing Co.

The Foreclosure

On May 27, 1986, NCB foreclosed upon its mortgages and took possession of the Jensen Road property and house. At this point in time, Ms. Head moved out of the Jensen Road house.

Petitioner's 1986 and 1988 Federal Income Tax Returns

On Schedule C (relating to petitioner's retail coin and stamp business) attached to petitioner's 1986 Federal income tax return, petitioner deducted $54,000[1] as a loss from "foreclosure to pay business loan".

On petitioner's 1986 return, petitioner claimed a dependency exemption for Florence H. Ratliff, who was listed on the return as petitioner's "companion". Petitioner was not married to Florence H. Ratliff (Ms. Ratliff) in 1986 or 1988, nor were they related.

On his 1988 Federal income tax return, petitioner deducted $17,769 as a net operating loss carryover from 1983, 1984, and 1986.

The Notice of Deficiency

In the notice of deficiency, respondent disallowed $47,405 of the claimed foreclosure loss, allowing the remaining $6,595 as an interest expense. Respondent also disallowed the claimed dependency exemption for Ms. Ratliff. Finally, respondent disallowed the claimed $17,769 net operating loss carryover for 1988 on the basis that petitioner failed to timely elect to carryforward his net operating losses from tax years 1983 and 1984. Moreover, respondent determined that petitioner had not established that any portion of those prior years' losses would be available for 1988. Respondent accordingly increased petitioner's 1988 taxable income by $17,769.

---

[1] The record does not indicate how petitioner arrived at the $54,000 figure; his borrowings from NCB totaled $52,000.

OPINION

Issue 1.  Foreclosure Loss

The first issue we consider is whether petitioner is entitled to the claimed foreclosure loss deduction in 1986.  Petitioner argues that the Jensen Road property was constructed as a "spec" house, and as such constituted business or investment property.  He asserts that even though the Jensen Road house was used as his and Ms. Head's residence after the anticipated sale of the house fell through, the house retained its business character because it was used to obtain financing for his retail coin and stamp business.  Respondent disagrees, contending that once petitioner used the Jensen Road house as his and Ms. Head's residence, the business or investment character, if any, of the Jensen Road property terminated.  Thus, respondent asserts, the foreclosure loss is not deductible as it was sustained in connection with property held by petitioner for personal purposes.

Section 165(a) allows as a deduction any loss sustained by the taxpayer during the taxable year not compensated for by insurance or otherwise.  However, section 165(c) limits deductions for losses of individuals to those incurred in a trade or business, incurred in a transaction for profit, or as a result of a casualty or theft.

For tax law purposes, a foreclosure has the same effect as a "sale or exchange".  Helvering v. Hammel, 311 U.S. 504 (1941); Quinn v. Commissioner, T.C. Memo. 1983-485.  Losses attributable to the sale of a family residence are nondeductible personal losses.  Sec. 262; Austin v. Commissioner, 35 T.C. 221 (1960), affd. 298

F.2d 583 (2d Cir. 1962); <u>Doerries v. Commissioner</u>, T.C. Memo. 1991-396; sec. 1.262-1(b)(4), Income Tax Regs. The burden of proving that petitioner is entitled to deduct the loss rests with petitioner. See <u>Welch v. Helvering</u>, 290 U.S. 111 (1933).

While we accept petitioner's testimony that he originally built the Jensen Road house for investment purposes, the investment character of the house terminated when the house became petitioner's personal residence in October 1980. The house remained petitioner's and Ms. Head's residence for almost 5 years, and the house was used as Ms. Head's residence after petitioner separated from her until foreclosure of the property took place in May 1986.

Petitioner presented no evidence regarding the extent or duration of his efforts to sell the Jensen Road property after the house was used as his residence. We therefore conclude that the Jensen Road property was held by petitioner for personal, and not investment, purposes from October 1980 and at all relevant times thereafter.

Petitioner asserts that because the Jensen Road property was used to secure a business loan, it should be characterized (for tax purposes) as business property. Although petitioner may have used the equity in the Jensen Road property to secure a loan for business purposes, that act in and of itself does not cause the character of the property to change from a personal residence to business property. The personal use of the Jensen Road property had to terminate in order to effectuate a change of the character

of the property to a trade or business or profit-motivated use. See <u>McBride v. Commissioner</u>, 50 T.C. 1, 7 (1968); <u>Leslie v. Commissioner</u>, 6 T.C. 488, 493 (1946).

Petitioner's coin and stamp business was not conducted on the Jensen Road property, nor was the property used in connection with that business. Moreover, petitioner did not terminate his personal use of the property before or after obtaining the loan. Petitioner and Ms. Head resided in the Jensen Road house for more than 2 years prior to obtaining the loan. They continued residing there during the operation of petitioner's business, and even after petitioner's business failed. Further, the proceeds from the bank loans were not used strictly for business purposes; a portion of the proceeds was used for personal expenditures.

To conclude, the Jensen Road property was neither an investment nor business property at any time after October 1980. Accordingly, petitioner's 1986 foreclosure loss was personal and is not deductible under section 165(c).

<u>Issue 2. Dependency Exemption</u>

The second issue for consideration is whether petitioner is entitled to a dependency exemption for Ms. Ratliff in 1986. Petitioner has the burden of proving that he is entitled to the exemption claimed. Rule 142(a); <u>Welch v. Helvering</u>, <u>supra</u>.

Section 151(c) provides an exemption for each of a taxpayer's dependents. Among other things, a taxpayer must provide over half the support of any dependent during the calendar year in order to claim the exemption. Sec. 152(a).

Petitioner has failed to present any evidence on this issue. Accordingly, petitioner is not entitled to the claimed dependency exemption for Ms. Ratliff in 1986.

Issue 3.  Net Operating Loss Carryover

The third issue for consideration is whether petitioner is entitled to a $17,769 net operating loss carryover from 1983, 1984, and 1986 to 1988.  Respondent claims that the net operating loss carryover was fully absorbed in previous tax years.  Petitioner disagrees.

Section 172(a) authorizes a net operating loss deduction. Simply put, a net operating loss is the excess of a taxpayer's deductions over his gross income, with certain modifications. These modifications, which are enumerated in section 172(d), include capital gains and losses, personal exemption deductions, and nonbusiness deductions.  A net operating loss in a given year may be carried back for the 3 preceding years and carried forward for the 15 succeeding years.  Sec. 172(b).

The taxpayer bears the burden of proving the fact and amount of the loss. Rule 142(a); Ocean Sands Holding Corp. v. Commissioner, T.C. Memo. 1980-423, affd. without published opinion 701 F.2d 163 (4th Cir. 1983).  Petitioner failed to present any evidence to substantiate the claimed carryover. Accordingly, petitioner failed to meet his burden of proof with respect to this issue.  We therefore sustain respondent's determination.

Issue 4.  Section 6651(a)(1) Additions to Tax

Respondent determined additions to tax pursuant to section 6651(a)(1) for petitioner's 1986 and 1988 taxable years. Petitioner can avoid these additions to tax by proving that his untimely filings were: (1) Due to reasonable cause, and (2) not due to willful neglect.  Sec. 6651(a); Rule 142(a); United States v. Boyle, 469 U.S. 241, 245-246 (1985); United States v. Nordbrock, 38 F.3d 440 (9th Cir. 1994).  "Reasonable cause" requires a taxpayer to demonstrate that he exercised ordinary business care and prudence and was nevertheless unable to file a return within the prescribed time.  United States v. Boyle, supra at 246; sec. 301.6651-1(c)(1), Proced. & Admin. Regs.  Willful neglect means a conscious, intentional failure to file or reckless indifference. United States v. Boyle, supra at 245.

Petitioner was required to timely file Federal income tax returns for 1986 and 1988.  He filed those returns in April 1991. Petitioner offered two explanations for untimely filing his 1986 return: (1) "[M]y records and personal papers were pretty scattered at that time"; and (2) a house laborer mistakenly took the box containing petitioner's records to the garbage dump, forcing petitioner to reconstruct important figures.

Petitioner's justification is insufficient.  Construction of the house was completed in September 1980, and according to petitioner's testimony, he discovered the records were mistakenly taken about a week or so after the incident occurred.  The tax return to which such documents might have related was petitioner's

1986 return, which was due to be filed on April 15, 1987, almost 7 years after the records were "scattered". Moreover, petitioner failed to offer any explanation for his failure to timely file his 1988 Federal income tax return.

Because petitioner has failed to show reasonable cause for the late filing of either his 1986 or 1988 Federal income tax return, we sustain respondent's determination of the section 6651(a)(1) additions to tax.

To reflect the foregoing,

Decision will be entered
for respondent.
